UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BUSTAMANTE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SHASTA, et al.,<br><br>Defendants. | No. 2:23-cv-01552-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Defendant County of Shasta's (the "County") Motion to Dismiss. (ECF No. 17.) Plaintiff Aaron Bustamante ("Plaintiff") filed an opposition. (ECF No. 19.) The County filed a reply. (ECF No. 21.) For the reasons set forth below, the Court GRANTS the County's motion.

///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of injuries Plaintiff suffered while participating in Shasta County's court-ordered Community Service Work Program. (ECF No. 13 at ¶ 15.) On June 21, 2022, Plaintiff arrived at the Shasta County Probation Office to complete community service as part of the program. (*Id.* at ¶ 17.) Defendants Justin Knight ("Knight") and Robert Balke ("Balke"), Shasta County Probation Department employees, were assigned to supervise, direct, and/or manage Plaintiff. (*Id.* at ¶ 16.)

After Plaintiff signed in, Knight directed Plaintiff to mow the grass around the Probation Offices and Juvenile Hall building. (*Id.* at ¶ 17.) Plaintiff mowed the grass as ordered for three hours. (*Id.* at ¶ 18.) After a lunch break, Balke ordered Plaintiff and an unnamed member of the Community Service Work Program to load a work truck with landscaping tools for their next job. (*Id.* at ¶ 19.) Balke and Knight then drove Plaintiff and the unnamed member to a private residence in Redding, California and ordered Plaintiff to perform landscaping services. (*Id.* at ¶ 20.) Plaintiff overheard a discussion between Balke and Knight that Plaintiff would be performing landscaping work at the residence for a pool party that was scheduled there on or around the same day. (*Id.* at ¶ 21.) Plaintiff later learned the residence belonged to Knight's family member. (*Id.*)

Knight and Balke ordered Plaintiff to use a gas-powered hedge trimmer to trim hedges at the residence. (*Id.* at ¶ 22.) Knight and Balke did not give Plaintiff any safety equipment or training on how to use the tool, and Plaintiff had no prior experience using the tool during the program. (*Id.*) While trimming the property's hedges, Plaintiff accidentally cut his left hand with the hedge trimmer. (*Id.* at ¶ 26.) Plaintiff suffered multiple injuries, including amputation of the ring and index fingers on his left hand. (*Id.* at ¶ 31.)

On July 28, 2023, Plaintiff initiated this action. (ECF No. 1.) Plaintiff filed the operative First Amended Complaint ("FAC") on October 18, 2023, alleging 42 U.S.C. § 1983 ("§1983") claims against Balke, Knight, and the County for violation of his Fifth, Eighth, and Fourteenth Amendment rights. (ECF No. 13.) Balke and Knight filed an answer on November 7, 2023 (ECF No. 16), and the County filed the instant motion to dismiss on November 8, 2023 (ECF No. 17).

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the ... Claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... Laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. Of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. V. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III. ANALYSIS

The County moves to dismiss Plaintiff's *Monell* claim (Claim Four). (ECF No. 13 at 17–22.) In opposition, Plaintiff argues he alleged a plausible *Monell* claim based on the County's ratification of Balke and Knight's conduct. (ECF No. 19 at 7.)

Municipalities cannot be held liable under § 1983 for unconstitutional torts of their employees based solely on respondeat superior. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 693–94 (1978). Pursuant to *Monell*, a municipality is only liable under § 1983 when its own illegal acts are a "moving force" in the constitutional violation. *Id.* A plaintiff may assert *Monell* liability based on: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy"; or (4) where "an official with final policy-making authority 'delegated that

4

authority to, or ratified the decision of, a subordinate.'" *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (citations omitted).

Only the fourth theory of liability — ratification — is at issue in this case. (ECF No. 13 at 17–22.) Under this theory, a municipality may be liable if a policymaker, i.e., an official with final policy-making authority, ratified the unconstitutional conduct of a subordinate and the basis for it. *Gillette v. Delmore*, 979 F.2d 1342, 1346–1348 (9th Cir. 1992). Ratification requires that the policymaker engage in a "conscious, affirmative choice" to endorse a subordinate's conduct. *Id.* at 1347. Alleging "a mere failure to overrule a subordinate's actions, without more, is insufficient" to state a claim under this theory. *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). Similarly, alleging a "mere failure to discipline does not amount to ratification." *Adomako v. City of Fremont*, No. 17-cv-06386, 2018 WL 2234179, at *3 (N.D. Cal. May 16, 2018).

In the FAC, Plaintiff alleges the Shasta County Board of Supervisors, County Executive Officer Matt Pontes, Acting County Executive Officer Mary Williams, and Chief Probation Officer Tracie Neal were individuals with final policy-making authority. (ECF No. 13 at ¶ 83.) Plaintiff alleges these individuals had "direct knowledge of the facts of this incident" and "made a deliberate choice to endorse the decisions of [Balke and Knight] and the basis for those decisions." (*Id.* at ¶ 85.) These allegations alone are unclear, conclusory, and insufficient to state a *Monell* claim against the County based upon ratification. *Thurston v. City of Vallejo*, No. 2:19-CV-1902-KJM-CKD, 2021 WL 1839717, at *6 (E.D. Cal. May 7, 2021) (finding that "simply listing a number of high-ranking individuals is not sufficient to allege a specific final policymaker" and "allegations that the policymakers 'ratified' or 'knew and/or reasonably should have known about' the alleged constitutional violations are conclusory").

However, Plaintiff also alleges the following facts in an attempt to bolster his *Monell* claim: (1) Assistant Chief Probation Officer Chelsey Chappelle was a "policy-making authority based on a delegation of authority"; (2) Chappelle completed a Health Special Risk, Inc. form ("HSR form") regarding the incident; (3) Chappelle indicated on the HSR form that the incident occurred during a "programmed, sponsored, and supervised, or sanctioned activity"; (4) Chappelle acknowledged on the HSR form that Knight was Plaintiff's supervisor and that the

incident occurred at a private residence; and (5) Knight and Balke were not disciplined for their actions.  (ECF No. 13 at ¶¶ 84, 85.)

The Court finds these additional allegations are also insufficient to allege a *Monell* claim based on ratification.  Plaintiff seems to acknowledge that alleging a failure to discipline Knight and Balke is insufficient on its own.  (ECF No. 19 at 11.)  Plaintiff instead argues that his allegation about a lack of discipline is supplemented by his allegations about the final policymakers (which the Court has already found to be conclusory) and his allegations about the HSR form.  (*Id.*)  However, the purpose and significance of the HSR form is unclear from the FAC, and Plaintiff fails to cite authority to convince the Court that filling out an incident report constitutes a "conscious, affirmative choice" to endorse a subordinate's conduct.  *Gillette*, 979 F.2d at 1347.  Moreover, although Plaintiff argues the County Executive Officer delegated authority to Chapelle, Plaintiff fails to allege or cite authority for the proposition that Chappelle should be considered a final policymaker for the purposes of alleging a ratification theory.

Accordingly, the Court concludes Plaintiff fails to state a plausible *Monell* claim.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the County's Motion to Dismiss with leave to amend.  (ECF No. 17.)  Plaintiff may file an amended complaint not later than thirty (30) days after the electronic filing date of this Order.  Defendants shall file any responsive pleading not later than twenty-one (21) days from the electronic filing date of Plaintiff's amended complaint.  If Plaintiff opts not to file an amended complaint, the Court will dismiss the County from the action and the case will proceed against Defendants Balke and Knight, who already filed an answer.

IT IS SO ORDERED.

Date:  August 5, 2024

Troy L. Nunley
United States District Judge